IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN KEITH GRAHAM, | ) | |
|     Petitioner, | ) | |
| | ) | Civil Action No. 7:19-cv-00184 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Brian Keith Graham, a Virginia inmate proceeding *pro se,* originally filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2006 conviction for seven counts of carnal knowledge in violation of Virginia Code § 18.2-63. After review of the state court records, the court granted respondent's motion to dismiss on the grounds that Graham failed to overcome his state habeas counsel's procedural default because Graham did not demonstrate that any of his ineffective assistance of trial counsel claims were substantial, as defined by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). *Graham v. Warden*, No. 7:19CV00184 (W.D. Va. filed March 27, 2020). Graham has now filed a motion for reconsideration of the court's opinion. For the reasons explained more fully below, the court finds no grounds justifying reconsideration or modification of its earlier opinion, and accordingly, the court will deny the motion.

    I.    LEGAL STANDARDS GOVERNING MOTIONS FOR RECONSIDERATION

A timely motion calling into question the correctness of a district court judgment "is properly construed as a Rule 59(e) motion." *MLC Automotive, LLC v. Town of Southern Pines*,

532 F.3d 269, 280 (4th Cir. 2008).[1] Graham's motion was placed in the institutional mail on April 17, 2020, according to his certificate of service, and thus was filed within 28 days, as required by Rule 59(e) of the Federal Rules of Civil Procedure. Such a motion is not intended as a means for a dissatisfied litigant to reargue "the very issues that the court has previously decided." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Rather, such a motion may be granted only in three situations:

> (1) [T]o accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.

*Id.* The court will evaluate each of Graham's complaints about the judgment in accordance with these requirements.

## II. GRAHAM'S COMPLAINTS

In five numbered sections, Graham raises the following complaints about this court's prior opinion and order:

(1) The federal district court erred in saying that the state circuit court dismissed Graham's remaining state habeas claims either on the merits or as procedurally defaulted; rather, Graham asserts that the circuit court unreasonably dismissed those remaining claims with prejudice, without addressing or resolving them.

(2) Graham is confused by the court's statement that "The parties operated under the assumption that the 60 days for amending the remaining claims started anew on January 11," because the statement suggests that the circuit court judge was confused by his own order. Graham asserts, alternatively, that the circuit court judge

---

[1] At the time of the *MLC Automotive* opinion, such a motion had to be filed within 10 days of the final judgment; in 2009, Rule 59 was amended, extending the time limit to 28 days. Fed. R. Civ. P. 59 advisory committee's note.

understood exactly what he was doing and set the petitioner up for a procedural default of his claims.

(3) The federal district court was "plainly wrong" in finding that his defaulted ineffective assistance-of-trial-counsel claims were not substantial.

(4) The federal district court erred in stating that the Supreme Court of Virginia dismissed his habeas appeal with prejudice because counsel filed the Notice of Appeal too late (referencing page 9 of this court's prior opinion); rather, Graham asserts that the court dismissed his appeal because he had not filed an amended habeas petition within 60 days.

(5) The state and federal courts have denied Graham his constitutional right to a fair and impartial jury by allowing the verdict to stand after learning that one juror was related to the prosecuting attorney, which Graham asserts creates a presumption of bias as a matter of law.

## III. DISCUSSION

### A. Complaint 1 – Characterization of State Circuit Court Disposition of Habeas Claims

Graham's motion states that the court's findings on page 8 of its earlier opinion are in error, specifically the statement that "The court [circuit court] dismissed Graham's remaining claims, either on the merits or as procedurally defaulted." Graham's full complaint on this issue reads:

> The circuit court dismissed said claims with prejudice. This dismissal was unreasonable—irrational and clearly not based on the merits or procedurally defaulted. No hearing was held, no evidence presented and no facts were developed.
>
> The claims were never addressed or resolved. The claims have simply been ignored, like so many different issues in this case.

3

(Mot. for Recons. at 1, Dkt No. 30.)  This is neither a clerical error, factual mistake, nor legal error, and thus it is is not an appropriate ground for reconsideration.  Rather, it reflects Graham's failure to understand the legal terminology and/or the procedural laws that limit federal habeas review.  Although not required to do so, the court will try to explain these legal concepts more clearly, so that a layperson can better understand them.

The circuit court originally dismissed all of Graham's habeas claims while allowing *some* of those claims to be amended and submitted to the court again, within 60 days from the date of the order.  (Va. S. Ct. R. 31–35.[2])  When a litigant is allowed to refile the same legal claim in the same court, that is called a "dismissal without prejudice." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).  Claims that have been dismissed on the merits or on procedural grounds that bar a litigant from returning to the same court with the same underlying claim are referred to as "dismissed with prejudice." *Id.*  When the circuit court dismissed the claims that were not permitted to be amended, the court stated that those claims were dismissed with prejudice.  The explanation for dismissal of the claims revealed that state claims VII, VIII, IX, X, XI, XVIII, and XIX were "dismissed on the merits," meaning that the court ruled that the law did not support granting relief based on the facts that Graham had alleged, and based on the trial record, no amount of amendment would support the claims; state claims I, II, and III could not be pursued because Virginia law required those claims to be preserved at trial and/or raised on direct appeal, and failure to follow the state law is considered "procedural default."  (Va. S. Ct. R. 31–35.)  Either way, whether dismissed on the merits or because of procedural default,

---

[2] Citations to "Va. S. Ct. R." refer to the records from the Supreme Court of Virginia, which contain some habeas trial court and all habeas appellate records in Graham's case, with typewritten numbers in the lower left corner of each page.  Citations to "Habeas R." refer to the Lee County Circuit Court habeas record, with page numbers typed in the bottom center of each page.

those claims were dismissed with prejudice. Therefore, the federal court's earlier opinion was not in error; rather, the court used different terminology to express the same result.

When the highest state court dismisses a habeas case on procedural grounds independent of the federal constitutional issues raised, as in this case, federal habeas courts are limited by law in what relief they may grant to a state petitioner. These limitations are imposed out of respect for a state's right to interpret its own laws, enforce its own procedural rules, and address federal constitutional issues in state cases before those issues are presented to a tribunal outside the state system for consideration. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). When the procedural rule is independent of federal law and adequate to support dismissal of the case, federal courts are bound to treat the dismissal as a failure to exhaust state court remedies; otherwise, the court would not be respecting the state's procedural rules. *See* 28 U.S.C. § 2254(b)(1)(A). The Virginia Supreme Court found Graham's habeas appeal untimely, or in other words, procedurally defaulted. (Va. S. Ct. R. 57.)

Even in that circumstance, the federal court is permitted to consider constitutional claims when the prisoner can overcome the default by showing good cause for the default and actual prejudice as a result. *Coleman*, 501 U.S. at 750. This is a narrow exception, intended to address the most blatant and severe violations of federal constitutional rights when a petitioner has valid reasons for having defaulted. Indeed, this court previously ruled that Graham had valid reasons for procedural default because of the ineffective assistance of his habeas counsel in prosecuting his ineffective assistance of trial counsel (IAC) claims. *Graham*, slip op. at 18–19. As will be explained in clearer terms in a later section, Graham's IAC claims did not meet the requirements imposed by the Supreme Court for granting relief. The claims were not ignored. Rather, Graham's factual assertions were considered, along with the state trial and habeas records; when

5

applicable federal law was applied to those claims, this court was constrained by law to deny the relief requested. Except where plainly contradicted by the record, Graham's factual allegations were accepted as true. That assumes that he could prove all his factual allegations (except those already contradicted by the record) if an evidentiary hearing were held, and that such facts did not entitle him to relief under the law. Graham is not the first imprisoned litigant to consider the law "unreasonable," but it is the law the courts are sworn to uphold. Accordingly, Graham's first complaint does not entitle him to reconsideration of his § 2254 petition.

**B. Complaint 2 – Parties Operating Under Mistaken Assumption About When Graham's Amended State Habeas Claims Were Due**

Graham is correct that the parties operating "under the assumption that the 60 days for amending the remaining claims started anew on January 11" included the circuit court judge. However much the judge intended to suspend operation of his August 12 order, and even though he essentially said so verbally, Virginia law holds that a court "speaks only through its written orders." *Roe v. Commonwealth*, 628 S.E.2d 526, 528 (Va. 2006). No written order ever extended the time for amending the claims that were dismissed without prejudice. When the Supreme Court of Virginia pointed this out on June 23, 2017,[3] in its dismissal of the appeal of habeas claims dismissed with prejudice on August 12, 2016, the prosecution promptly made the same argument to the circuit court on the claims that remained, the amended claims, arguing that they were untimely under the August 12 order, which had not been timely suspended or vacated by written order. Because the state supreme court had already ruled on the issue—in the very same case—the circuit court judge had no choice but to follow the Supreme Court of Virginia's

---

[3] Graham notes on page 4 of his motion that the respondent argued the appeal was premature as there were still issues pending. The respondent made that argument because, like the circuit court judge, the respondent believed that the judge had suspended the August 12 order and granted an extension of time. The Supreme Court of Virginia, on its own initiative, declined to address that argument, finding it moot, because the appeal was untimely.

holding because it had become the "law of the case." Under the "law of the case" doctrine, well established in Virginia:

> [When] there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law.

*Miller-Jenkins v. Miller-Jenkins*, 661 S.E.2d 822, 826 (Va. 2008) (citations omitted). The circuit court judge acknowledged that he had thought and had acted as if the deadline for amending the state habeas petition had been extended, but concluded that "No agreement between the parties and this Court could have changed the authority, or lack thereof, granted to this Court." (Habeas R. at 357.) The circuit court's factual representation that his actions matched his thoughts are accorded a presumption of correctness that a federal habeas court is required to accept in the absence of clear and convincing proof to the contrary. 28 U.S.C. § 2254(e). Graham has offered nothing but speculation that the circuit court judge could have intentionally set Graham up to be in procedural default, and this court will not entertain such speculation.

That Graham ended up in procedural default because his habeas counsel failed to follow through with submission of a written order for entry by the court, and all parties in the circuit court were operating under the erroneous assumption that the time for filing the amended state petition had been extended, is not grounds for reconsideration of this court's earlier opinion. Indeed, that circumstance is the reason the court found good cause for Graham's procedural default, giving him the opportunity to have his constitutional claims further considered before dismissal. Because Graham has shown no new facts, no intervening change in law, and no error

in the court's prior decision on this issue, he has not established a ground for reconsideration under Rule 59(e).

### C. Complaint 3 – Graham's Allegation that This Court's Conclusion that His Claims are not Substantial is Plainly Wrong.

As the term is used in the context of federal habeas proceedings in which a prisoner is seeking to overcome procedural default (caused by ineffective assistance of state habeas counsel) of trial IAC claims, a "substantial claim" is one that has merit. *Martinez*, 566 U.S. at 14. That a claim is not "substantial" does not mean it is not "important," just that it fails to meet the high bar required by the Supreme Court. A substantial claim must have merit under both prongs of the IAC test set forth by the Court. *Teleguz v. Zook*, 806 F.3d 803, 815 (4th Cir. 2015). As discussed at length in the prior opinion, the two prongs are deficient performance and prejudice caused by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be shown, or the case has no merit under the well-established jurisprudence of the Court.

The crux of Graham's complaint here is that he was denied the opportunity to develop his claims in an evidentiary hearing. An evidentiary hearing is not required, however, when the legal issues can be resolved from the pleadings and the facts are discernible from the record. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). As indicated previously, the court accepted Graham's factual allegations as true, unless clearly contradicted by the record. Accepting those facts[4] as true and under applicable precedent, Graham has failed to show, as a matter of law, that his trial attorney's conduct fell below a reasonable standard of professional competence. If

---

[4] Facts are the sensory details of what happened in the courtroom, who said what and when, not the conclusions drawn by Graham, legal or otherwise, and certainly not his conclusions about what constitutes proper professional conduct of counsel.

Graham had affidavits that he wished the court to consider, those affidavits should have been filed with his initial petition.

In determining professional competence under *Strickland*, the Supreme Court requires a reviewing court to presume that counsel's decisions were reasonable. *Strickland*, 466 U.S. at 690. Likewise, federal courts are required to presume that the decisions of state courts are reasonable. 28 U.S.C. § 2254(d). State trial counsel facing IAC claims in a federal habeas court are thus entitled to "double deference." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). The standard is difficult to meet because it was intended to be. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Graham has offered no new evidence nor intervening legal authority that warrants reconsideration of the court's prior determination that he failed to establish that his claims for ineffective assistance of counsel qualified as substantial.

**D. Complaint 4 – The Supreme Court of Virginia Allegedly did not Dismiss Graham's Habeas Appeal Because of a Late Notice of Appeal but because Graham's Amended Petition was not Filed within 60 Days.**

The last sentence of the first paragraph of the June 23, 2017 Order entered by the Supreme Court of Virginia states, "further finding that the appellant did not file the notice of appeal within 30 days thereof, the Court dismisses the petition filed in this case." The notice of appeal was not filed within 30 days of the date on which Graham's amended petition should have been filed in the Lee County Circuit Court, 60 days after the August 12, 2016 order. Graham's failure to timely amend his petition is why the August 12 order became final 60 days later. Failure to appeal within 30 days of the order becoming final is why the appeal was dismissed. This court's earlier opinion was not in error in stating that the appeal was dismissed as untimely. Graham mistakes the Supreme Court of Virginia's explanation of when the trial court order

9

became final as the reason his appeal was dismissed; he fails to understand that the failure to timely amend caused the judgment to become final, starting the 30-day clock on the time for his appeal. Failure to timely appeal is the reason the appeal was dismissed. Because there was no error, there is no ground for reconsideration.

### E. Complaint 5 – Graham's Contention that His Constitutional Right to a Fair and Impartial Jury was Violated by the Seating of a Juror that Must be Presumed Biased.

Graham has ever so carefully tried to recharacterize this issue as a Sixth Amendment issue, rather than the IAC issue raised in his 2254 petition. Either way, he has offered no new facts, no intervening law, and no mistake made by this court to support reconsideration of the former opinion. There was no violation of Graham's right to a fair and impartial jury, which is why he did not meet the prejudice prong of this IAC complaint.

Graham hangs his argument on old Virginia case law discussing implied bias, presumed as a matter of law, when a juror is related to a victim. *Gray v. Commonwealth*, 311 S.E.2d 409, 410 (Va. 1984). He ignores the case law from the Supreme Court, holding that automatic disqualification of a juror and/or granting a new trial are not necessary because of a juror's relationship with the Government. *Smith v. Phillips*, 455 U.S. 209, 217 (1982). The Government includes the prosecuting attorney, who is not a party, victim, or witness, but an officer of the court. He ignores the observation of the Fourth Circuit Court of Appeals that automatic disqualification under the implied bias doctrine may no longer be the law after *Smith*. *Fitzgerald v. Greene,* 150 F.3d 357, 365 (4th Cir. 1998); *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988). Graham also ignores that the state trial judge had the opportunity to observe the demeanor of the prospective juror in answering questions and then determined that Hines could sit as a fair and impartial juror, based on the removed relationship and that the prosecutor did not even know the juror on a social basis.

Equally important, even if Graham could show prejudice, he cannot show deficient performance by counsel. As a matter of law, the state court determined that counsel conducted an adequate voir dire and sought to identify prospective jurors who might have a bias for the prosecution. Unless the prospective juror and the prosecutor shared an unusual name, there is no reason for an attorney to single out a prospective juror to ask if he is related to the prosecutor. Only in hindsight has this issue arisen, and *Strickland* makes clear that performance is judged as of the time of counsel's actions, not based on hindsight. "A defendant is entitled to a fair trial, not a perfect one, for there are no perfect trials." *Brown v. United States*, 411 U.S. 223, 231–32 (1973).

Because Graham has not introduced new evidence or intervening law, nor has he shown any error in the court's earlier decision, he has not established his entitlement to a different decision under Rule 59(e).

## IV.  CONCLUSION

For the reasons stated, the court will deny Graham's motion for reconsideration, and an appropriate Order will be entered.

Entered: October 19, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge